CHARLES GMAEHLE, as Administrator, Etc., of CHARLES GMAEHLE, Deceased, Plaintiff, v. MORRIS ROSENBERG and BARNET AARONSON, Defendants.

(Supreme Court, New York Special Term, March, 1903.)

Employer's liability law, L. 1902, ch. 600 — Existing rights to recover for injuries not taken away — Complaint.

The employer's liability law (L. 1902, ch. 600) did not take away, whether or not causes of action had accrued thereon, rights existing under the Labor Law (L. 1897, ch. 415, § 18), for a violation of the provision forbidding an employer to furnish his employee an unsafe scaffold, nor did it take away any similar rights existing at common law.

L. 1902, ch. 600 merely extended the liability of an employer.

A complaint for employers' alleged negligence, in so erecting a scaffold that a plank in it gave way and caused the death of a bricklayer by precipitating him to the ground, is not made demurrable by failing to allege that notice of the accident had been given his employers, as required by L. 1902, ch. 600, § 2.

DEMURRER to complaint.

Hillquit & Hillquit, for plaintiff.

David Steckler, for demurrer.

BLANCHARD, J. The complaint sets forth that the plaintiff's intestate, while in the defendants' employ as a bricklayer in the erection of a certain new building, was killed without fault on his part and through the defendants' negligence in the erection of a scaffold, where plaintiff's intestate was at work, it being charged therein that the scaffold was erected in a negligent, improper and unsafe manner, resulting in a plank giving way and falling out, throwing the plaintiff's intestate to the ground and causing his death. The defendants have demurred upon the ground that facts sufficient to constitute a cause of action are not stated. The defendants' theory of the action is that it is one brought pursuant to chapter 600 of the Laws of 1902, entitled "An act to extend and regulate the liability of employers to make compensation for personal injuries suffered by employees," and that the complaint is fatally defective in not alleging that notice of the accident had been given to the employer, as section 2 of that act requires. The plaintiff, however, denies that his action is brought under the act of 1902, but claims it is brought under and by virtue of section 18 of the Labor Law (Laws of 1897, chap. 415). This section of the Labor Law provides: "A person employing or directing another to perform labor of any kind in the erection, * * * of a house, building or structure shall not furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding * * * which" is "unsafe, unsuitable or improper, and which" is "not so constructed * * * as to give proper protection to the life and limb of a person so employed or engaged." There can be no doubt but that a cause of action is stated which would have been sufficient prior to the enactment of chapter 600 of the Laws of 1902, and the defendants do not question this, but contend that the law applicable to such actions as are provided for by the Laws of 1902 is entirely comprehended in that law, and that no action can be brought in compliance with that statute, even though the right existed prior thereto. This would give to the law of 1902 a con-

struction which would in effect repeal not only section 18 of the Labor Law, but would take away causes of action existing at common law. The act of 1902 expressly states, however (§ 5): " Every existing right of action for negligence or to recover damages for injuries resulting in death is continued, and nothing in this act contained shall be construed as limiting any such right of action, nor shall the failure to give the notice provided for in section two of this act be a bar to the maintenance of a suit upon any such existing right of action." The defendants argue that " existing right of action " as there used means an accrued cause of action. I fail to find any justification for such a construction. In my judgment the effect of the act of 1902 was merely to extend the liability of the employer. It was not intended to take away rights of action then existing, whether the causes of action had accrued or not. The demurrer must be overruled, with leave to answer upon payment of costs.

Demurrer overruled, with leave to answer upon payment of costs.